EASTERN DIST.
March, 1835.
━━━━━━
KEENE
vs.
CLARK'S HEIRS.

## KEENE vs. CLARK'S HEIRS.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

Where the evidence shows that all the land on a certain water course, on which a tract, claimed under a Spanish grant is situated, from its source to its mouth, has been surveyed by order of the United States, and although the tract claimed must have been passed over and embraced in the survey of the entire tract; yet this does not amount to an eviction of the claimant, so as to authorise him to recover back the purchase money from the vendor.

The plaintiff alleges, that in 1807, the late Daniel Clark, through his agent, R. Relf, sold to him a tract of land situated on the bayou *Arroyo del Bosque Roxo*, or Redwood Creek, near Baton Rouge, between the Perdido and Mississippi-rivers, for the sum of ten thousand dollars. That Clark derived the land in question through a grant from the Spanish government, after the date of the treaty of San Ildefonso, in 1800. That after the cession of this country to the United States, by France, in 1803, the former became entitled to all the public land thus ceded; and did, in pursuance of several acts of congress, take possession of all the land, including that sold by Clark to the plaintiff, in that section of the country. That, in consequence of the United States taking the actual possession of this tract, he is entitled to the reimbursement of the purchase money. He prays that the heirs and legal representatives of Daniel Clark be cited according to law; and that he have judgment for the said purchase money, interest, damages and costs.

The agent of the defendants answered and pleaded the general issue. He admits the sale made by him as agent of Clark, but not that any consideration in money, land or moveables, was ever paid by the plaintiff. He also avers,

that the plaintiff acquired a good and valid title to the land, EASTERN DIST. which if lost, or he is evicted, it is his own fault. *March*, 1835.

On the trial, the plaintiff offered in evidence, to prove that KEENE *vs.* CLARK'S HEIRS. he was evicted from the land purchased by him from the defendant's ancestor, a connected plat of surveys made by order of the United States government, which showed that all the land on Redwood Creek had been surveyed, from its head to its mouth. He inferred from this circumstance, the fact, that the United States have taken possession of his land, by which he is evicted and entitled to a return of the price.

The district judge, on the authority of the case of *Bessy* vs. *Pintado*, 3 *Louisiana Reports*, 488, decided against the pretensions of the plaintiff, and rendered judgment for the defendants, with costs.

The plaintiff appealed.

*Keene, in propriâ personâ*, made the following points:

1. That the sale of the land, the price of which is now claimed, was duly made by the ancestor of the defendants, and the sum or price of ten thousand dollars is expressly stated in the act of sale, to have been received. This act is authentic and makes full proof of all the matters it contains. *Partida* 3, *title* 18, *l.* 1. *Louisiana Code, article* 2231.

2. The government of the United States took possession of this land, as being a part of the public domain, and evicted therefrom the plaintiff, who had constructive possession by his deed of sale from the defendant's ancestor.

3. Eviction is defined to be " the loss suffered by the buyer of the totality of the thing sold, or of a part thereof, occasioned by the rights or claims of a third person." In this case, the plaintiff has lost the entire tract or thing sold, by the adverse possession of the United States government. *Civil Code, article* 50, *page* 354. 1 *Peters*, 253.

4. Damages and the return of the price are incident to, and result as a matter of right, given by law to the party evicted. *Louisiana Code, article* 2482. 6 *Martin, N. S.*, 108.

EASTERN DIST.
*March*, 1835.

KEENE
*vs.*
CLARK'S HEIRS.

5. The vendor in this case, had no right to make the sale he did, when he had no title and was unable to make a legal title to the land sold.   8 *Martin, N. S.*, 400.

*L. C. Duncan,* for the defendants, placed the defence on the principles of the case of *Bessy* vs. *Pintado,* 3 *Louisiana Reports*, 488, in which it is decided, that the sale of a tract of land, under a Spanish grant, is not void because the United States refused to confirm it, nor does that circumstance amount to an eviction.

2. Neither does the fact that the United States surveyed the land in question, amount to an eviction ; consequently, the plaintiff cannot recover.

*Martin, J.,* delivered the opinion of the court.

In this case the plaintiff instituted suit against the defendants, who are the heirs and legal representatives of the late Daniel Clark.   He claims from them the price of a tract of land sold to him by their ancestor, in the year 1807, amounting to ten thousand dollars, with interest.   The title of Clark, which he sold to the plaintiff, is alleged to have arisen under a grant of the Spanish government, in Louisiana, after the date of the treaty of San Ildefonso, and lying near East Baton Rouge, between the Mississippi and the Rio Perdido. That the United States, who are the proprietors and owners of all the tract of land, of which the premises in contest constituted a part, have taken possession of it, in consequence of which he is evicted.

The defendants pleaded the general issue, &c.   The District Court was of opinion, the plaintiff failed to prove any eviction on his part, and gave judgment for the defendants. The plaintiff appealed to this court.

On the argument of the cause, the plaintiff contended, that he showed an eviction, from the evidence which established the fact, that the whole land along the stream or bayou, on which the tract in question is situated, from its source to its mouth, has been surveyed by order of the United States.

On a full consideration of the case, this court is of opinion the district judge did not err in rendering judgment in favor of the defendants. It is true, the surveyors must have necessarily passed over the land of the plaintiff, in making a survey of the entire tract of land situated on the same water course. But it does not appear that it was occupied, or that any person on it was thereby disturbed.

The judge of the District Court, in deciding on this case, refers to the case of *Bessy* vs. *Pintado*, 3 *Louisiana Reports*, 488, which was that of a tract of land, part of which only had been confirmed to the purchaser, who sought an indemnification for the remainder from his vendor. We were of opinion in that case, he could not be relieved, because he had not shown any eviction.

The present case differs from that one, in this, that here the United States have exercised an act of ownership over a vast tract of country, some small parts of which, may be well supposed to have been lawfully possessed, and even owned, by individuals. This does not appear to amount to an eviction of the title of any of those individuals, much less an eviction in any particular case.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.

Eastern Dist.
*March*, 1835.

KEENE
vs.
CLARK's HEIRS.

Where the evidence shows that all the land on a certain water course, on which a tract claimed under a Spanish grant is situated, from its source to its mouth, has been surveyed by order of the United States, and although the tract claimed must have been passed over and embraced in the survey of the entire tract, yet this does not amount to an eviction of the claimant, so as to authorise him to recover back the purchase money from his vendor.